**UNITED STATES of America, Plaintiff,**

**v.**

**Herbert C. LAWRENCE, Defendant.**

**Crim. No. 88–013 (JP).**

United States District Court,
D. Puerto Rico.

Feb. 8, 1989.

**462**

Daniel F. Lopez–Romo, Hato Rey, P.R., for plaintiff.

Olga M. Sheppard, Hato Rey, P.R., for defendant.

## OPINION AND ORDER

PIERAS, District Judge.

### I. Background

On June 7, 1988, defendant was sentenced by this Court to 63 months imprisonment upon conviction by a jury on all three counts of an indictment charging possession with intent to distribute, 21 U.S.C. § 841(a)(1), importation, 21 U.S.C. § 952, and possession on board an aircraft, 21 U.S.C. § 955, of twelve pounds of marijuana. The offense was committed on January 9, 1988, after the effective date of the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 *et seq.*, and the Sentencing Guidelines promulgated pursuant thereto. United States Sentencing Commission, *Guidelines Manual* (1987) (hereinafter "Guidelines").

Defendant's sentence was determined by grouping the three related counts pursuant to Guidelines § 3D1.2 and finding a base offense level of 14, pursuant to Guidelines § 2D1.1, based on 12 pounds (5.45 kilograms) of marijuana. Because defendant

accepted responsibility for his acts, two points were subtracted pursuant to Guidelines § 3E1.1, for a total offense level of 12.

Because of several prior convictions, defendant was given 13 criminal history points pursuant to Guidelines § 4A1.1, resulting in a criminal history category of VI.

However, the Court then considered Guidelines § 4B1.1. Because defendant's prior record involves more than two controlled substance felony convictions, because the instant offense is a controlled substance trafficking felony, and because defendant was over 18 years old as of the date he committed the instant offense, § 4B1.1 requires a finding that defendant is a "Career Offender."[1] Because the statutory maximum for each offense charged is five years, *see* 21 U.S.C. §§ 841(b)(1)(D) and 960(b)(4), § 4B1.1 raised defendant's total offense level to 17. The Court, however, used 19 as the level.[2] His criminal history category, already at VI, remained the same.

The Court sentenced defendant to 63 months, the bottom end of the erroneous guideline range (63–78 months), but still within the lower, correct range (51–63 months).

After docketing an appeal, the defendant filed a motion pursuant to Fed.R.Crim.P. Rule 35 to correct the sentence, citing numerous reasons including the unconstitutionality of the Sentencing Reform Act (recently resolved by the Supreme Court in favor of constitutionality in *Mistretta v. United States*, —— U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (U.S.1989)) and the unconstitutionality of Guideline § 4B1.1.

Pursuant to defendant's motion, this Court requested the United States Court of Appeals for the First Circuit to return the case to us for consideration, following the procedure outlined in *Commonwealth of Puerto Rico v. SS ZOE COLOTRONI*, 601

---

**1.** § 4B1.1 was amended effective January 15, 1988. While the 1987 version is applicable to this case, the change makes no difference to the outcome here.

**2.** This was due to an error in the presentence report which both counsel and the Court failed to notice. In fact, counsel *agreed* as to the sentencing range calculated in the erroneous manner.

F.2d 39, 42 n. 3 (1st Cir.1979) and *United States v. Feliciano–Grafals,* 309 F.Supp. 1292 (D.C.P.R.1970). On November 28, 1988, the First Circuit granted the request and remanded the case. *United States v. Lawrence,* No. 88–1694 (mem.) (1st Cir. Nov. 28, 1988). Subsequently, defendant withdrew his arguments about constitutionality and challenged his sentence only on the grounds that the imposed sentence of 63 months is greater than the 5 year (60 month) statutory maximum.[3] The parties discussed the matter with the Court at an off-the-record conference, at which time the government stated that it agreed with defendant's argument. The parties were given ample opportunity to file briefs on any other point they wished to raise, but none have been filed. We thus proceed to the merits.

## II. Statutory Maximum

Defendant was convicted of three counts, each with a statutory maximum of five years. Each count required proof of elements that the others did not: 21 U.S.C. § 841(a)(1) requires proof of an intent to distribute the marijuana; 21 U.S.C. § 952 demands a finding that it was brought from outside to inside the U.S. Customs territory; and 21 U.S.C. § 955 requires the government to prove that it was on board an aircraft. Thus, double jeopardy does not bar consecutive sentences for the separate counts, each within its own statutory maximum. *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).

The Constitutional issue[4] aside, we must now look to the Sentencing Reform Act of 1984 and to the Sentencing Guidelines to determine whether Congress or the Sentencing Commission have permitted what amounts to consecutive sentences.

In 18 U.S.C. § 3584(a), Congress provided that "if multiple terms of imprisonment are imposed on a defendant at the same time ... the terms may run concurrently or consecutively.... Multiple terms of imprisonment imposed at the same time run concurrently unless the Court orders or the statute mandates that the terms are to run consecutively." Section 3584(b) requires that exactly the same factors used to determine the sentence be used to decide whether to impose concurrent or consecutive sentences. Thus, the statute permits consecutive sentences in accordance with the guidelines.

The Guidelines require grouping of certain types of counts, such as those here, to calculate a combined offense level. § 3D1.1, 3D1.2. Once the combined offense level is determined, it is cross-referenced in the Sentencing Table, Guidelines § 5A, with the criminal history category to determine the applicable sentence. § 1B1.1(g). The guidelines provide that if the guideline range is greater than the statutory maximum, the latter (as it must) shall control. § 5G1.1(a). However, for multiple counts, as here, § 5G1.2(d) provides that "If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." Therefore, consecutive sentences are permitted in order to achieve a sentence within the guideline range when the statutory maximum for each count would not otherwise allow the full guideline sentence. The argument raised by defendant that the imposed sentence is outside the statutory maximum is therefore meritless.

## III. Application of Guideline § 4B1.1

Nonetheless, because of the error in applying Guideline § 4B1.1 in determining an offense level of 19 instead of the proper 17, which was not raised by either party or

---

**3.** Defendant still has not raised a challenge to the incorrect application of § 4B1.1.

**4.** The constitutional issue, of course, also turns on Congressional intent, as it is up to Congress to allow or not allow consecutive sentences.

*Whalen v. United States,* 445 U.S. 684, 692, 100 S.Ct. 1432, 1438, 63 L.Ed.2d 715 (1980). The *Blockburger* test is only the means devised by the Courts to discern Congress' intent when it is not clearly spelled out.

noticed previously by the Court, an adjustment in defendant's sentence is warranted. The proper guideline range for an offense level of 17 and a criminal history category of VI is 51–63 months, rather than the 63–78 months considered before. Although defendant was previously sentenced at a lower end of the higher range, and the basis for the lower-end sentence still remains, the Court finds that the lowest part of the lower range is not warranted. Thus defendant's sentence is hereby AMENDED to commit him to the custody of the Attorney General for 55 months.

Because this term of imprisonment is *now* within the statutory maximum for each count, the sentence shall be CONCURRENT as to each count, as required. All other terms of the previously imposed sentence shall remain in effect.

The Clerk shall act accordingly.

IT IS SO ORDERED.